IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHIPOTLE SERVICES, LLC and ) <br> CHIPOTLE MEXICAN GRILL, INC., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br> 2:22-cv-00326-MHT-SMD <br> (WO) |

## CONSENT DECREE

### I.   INTRODUCTION

1. On May 31, 2022, the U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") filed this civil action. The EEOC's complaint, as amended (the "Complaint"), alleges violations of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e-2(a)(1) against Chipotle Services, LLC and Chipotle Mexican Grill, Inc. ("Defendants"). The EEOC alleges that Defendants deprived a former employee who filed Charge Number 420-2020-00654 with the EEOC ("Charging Party") of equal employment opportunities by subjecting her to unlawful sexual harassment, including a hostile work environment, based on sex (female). Defendants have denied and continue to deny all allegations of unlawful conduct.

2. Without any admission of liability, the EEOC, Chipotle Services, LLC, and Chipotle Mexican Grill, Inc. (collectively "the Parties") want to conclude fully and finally all claims arising out of the EEOC's Complaint and Charge Number 420-2020-00654. The Parties enter into this Consent Decree to further the objectives of equal employment opportunity as set forth in Title VII.

## II. JURISDICTION AND VENUE

3. The Parties do not object to the jurisdiction of this Court over the Parties and the subject matter of this lawsuit and agree to the power of this Court to approve this Consent Decree and enforce it as to the Parties.

4. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Alabama.

## III. SETTLEMENT SCOPE

5. This Consent Decree is intended to serve as, and is, the full, final, and complete resolution of any and all allegations or claims of unlawful employment practices that were contained in the EEOC's Complaint filed in this lawsuit, including any and all claims by the Parties for attorney fees and costs.

6. This Consent Decree applies to Chipotle Services, LLC, a wholly owned subsidiary of Chipotle Mexican Grill, Inc., and its successors and assigns during the term of the Consent Decree. Chipotle Services, LLC ("Chipotle") represents that it is the employer of the employees referenced in Paragraphs 7, 21, 24, and 27 and that it has the financial means and resources to fulfill all terms of the Consent Decree.

7. With respect to promulgation of policies and training to address workplace sexual harassment as set out in Paragraphs 16-20 and 21-31 below, this Consent Decree applies to Chipotle's restaurants and the employees in those restaurants at the following locations:

- 2560 Berryhill Rd, Montgomery, AL 36117; and
- 2566 Cobbs Ford Rd, Prattville, AL 36066.

8. The Court has not made a legal determination as to the identity of the entity that serves as the employer for the employees of the restaurants referenced in Paragraph 7. This Consent Decree

shall not be used in this case or any other future legal proceeding in which the EEOC is a party for the purpose of establishing the entity that employs the employees working at Chipotle Mexican Grill branded restaurants.

9. This Consent Decree shall be filed in the United States District Court for the Middle District of Alabama, Northern Division, and shall be in effect, and continue to be in effect, for a period of two (2) years from the date of entry of this Consent Decree by the Court.

10. During the duration of this Consent Decree, Chipotle will provide prior written notice to any potential or actual purchaser of their business(es), or a purchaser of all or a portion of Chipotle's assets, and to any other potential successor, of the EEOC's Complaint, the allegations raised in the EEOC's Complaint, and the existence and contents of this Consent Decree.

11. No waiver, modification, or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by the EEOC and Chipotle, and any substantive change, modification, or amendment of any provision of this Consent Decree shall also require approval by the Court.

## IV. MONETARY RELIEF

12. Chipotle shall pay the Charging Party a total gross amount of fifty thousand dollars ($50,000.00) within thirty (30) days of the entry date of this Consent Decree. Within fourteen (14) days of the entry of this Consent Decree, the EEOC will provide Chipotle a completed IRS Form W-9 from Charging Party. All amounts distributed under the terms of this Decree constitute non-wage compensatory damages under Title VII and the Civil Rights Act of 1991. Within three (3) days of the entry of this Consent Decree, the Commission shall provide Chipotle with the address where the payment should be mailed. The payment to Charging Party shall not be reduced by any tax withholdings. Chipotle will issue an IRS form 1099-MISC for the payment. Chipotle shall

provide tracking information for the delivery of the settlement check to: marsha.rucker@eeoc.gov.

13. Chipotle will not condition the receipt of monetary relief on the Charging Party's agreement to (a) maintain as confidential the facts and/or allegations underlying her claim and the Complaint and the terms of this Decree; (b) waive her statutory right to file a charge with any governmental agency; (c) refrain from reapplying for a job with Chipotle; or (d) a non-disparagement and/or confidentiality agreement.

## V. INJUNCTIVE AND OTHER RELIEF

### A. GENERAL PROVISIONS

14. Chipotle, its owners, officers, agents, managers, supervisors, and all human resource professionals are enjoined from engaging in practices that constitute harassment in violation of Title VII based on any employee's sex or subjecting employees to a sexually hostile work environment.

15. In recognition of its obligations under Title VII, Chipotle shall institute the policies and practices described below.

### B. ANTI-DISCRIMINATION POLICIES AND PROCEDURES

16. Within ninety (90) days from the date of entry of this Consent Decree and for its duration, Chipotle shall review, revise, and implement anti-discrimination policies and procedures that prohibit discrimination, including sexual harassment, and retaliation, that explain to employees their rights and responsibilities under the EEO laws, and that are subject to periodic updating to reflect changes in anti-discrimination laws for the employees working at the restaurants identified in Paragraph 7. The policies will state that they are promulgated at the direction of, and with the endorsement by, the highest level of the company. These policies and procedures shall be provided to the EEOC for review and comment no later than thirty (30) days prior to implementation. Within

fifteen (15) days of receipt, the EEOC will advise Chipotle of any comments.

17. Chipotle's anti-discrimination policies shall contain specific provisions prohibiting sexual harassment. The harassment section of the policies will provide a definition of sexual harassment and will include statements that: (1) employees have the right to be free from harassing behavior while at work, including inappropriate behavior from coworkers, supervisors, and managers, and (2) retaliation against persons who make complaints of discrimination or participate or act as witnesses in investigations of discrimination complaints is strictly prohibited.

18. The policies against discrimination and harassment shall include, at a minimum, the following provisions:

    a. A strong and clear commitment to a workplace free of sexual harassment and retaliation with statements prohibiting sex harassment and retaliation;

    b. Clear and comprehensive description of sexual harassment (both quid pro quo and hostile work environment) and retaliation;

    c. A statement encouraging employees to come forward if they believe they have been harassed or retaliated against for complaining about discrimination or harassment;

    d. A requirement that managers promptly escalate all verbal and written complaints of prohibited harassment they receive and/or witness to the Respectful Workplace Hotline for investigation in accordance with this Section;

    e. A description of the possible consequences up to and including termination that will be imposed for violation of the policy against sexual harassment;

    f. A clearly described complaint process that provides accessible and confidential avenues of complaint with the contact information, including name, address, and telephone number of persons at Chipotle (e.g., Hotline Phone) to whom employees can report sexual

harassment and retaliation;

g.  A statement that, to the maximum extent feasible, confidentiality of the person bringing complaints about sexual harassment and retaliation will be maintained;

h.  A statement that Chipotle's sexual harassment and retaliation policies apply to all persons, including management officials, supervisors, vendors, suppliers, third parties, and customers; and

i.  Assurance that Chipotle's disciplinary policies hold all employees, including owners, directors, management officials, and supervisors, accountable for engaging in prohibited conduct or failing to take appropriate action as required by its policies and procedures.

19.  Chipotle's anti-discrimination and anti-retaliation policies shall also include an investigation procedure to ensure fair and competent investigations of complaints of discrimination. This procedure shall be summarized in the employee handbook, consistent with following principles: that (a) all complaints of unlawful harassment which are reported to management will be investigated as promptly as possible; (b) by an impartial and qualified person; (c) upon conclusion of such investigation, appropriate corrective action will be taken where warranted; and (d) all complaints of unlawful harassment reported to management will be treated as confidentially as possible, consistent with Chipotle's need to conduct an adequate investigation. The procedures shall, at a minimum, include requirements that: (a) all reports and complaints of discrimination will be formally investigated by a trained investigator; (b) Chipotle employees are encouraged to make complaints directly to the Respectful Workplace Hotline Partners and by use of the Hotline Phone; (c) investigations will be conducted by or with the assistance of Restaurant Respectful Workplace Hotline Partners; (d) the investigation of a complaint will begin no later

than five (5) business days after its receipt of a complaint and be completed within twenty-one (21) business days, absent extenuating circumstances; (e) to the maximum extent feasible, confidentiality for the person bringing complaints about sexual harassment and retaliation will be maintained; (f) the findings and corrective action will be memorialized in writing to the extent practicable; (g) the results of each investigation, including a general description of the remedial actions taken or proposed, if any, be communicated to the complainant within a reasonable period of time, absent extenuating circumstances, after the conclusion of the investigation; and (h) any disciplinary action or personnel action, such as, but not limited to, transfers, demotions, or termination of employment, of employees resulting from or in conjunction with an investigation must be verified by a Respectful Workplace Hotline Partner.

20. Within ninety (90) days from the date of entry of this Consent Decree, Chipotle shall distribute a copy of their anti-discrimination policies either in paper or electronic form to all employees and shall make the policies readily accessible electronically and physically onsite for all employees at the restaurants identified in paragraph 7 for review. During the duration of this Consent Decree, these policies will also be distributed to every employee hired or re-hired within ten (10) days of their hire date.

## C. **TRAINING FOR EMPLOYEES**

21. Not later than ninety-three (93) days after entry of this Consent Decree, and for every six months thereafter for the length of the Consent Decree, Chipotle shall require that all crewmembers, Kitchen Leaders, Service Leaders, and all other non-supervisory restaurant employees working at the restaurants identified in Paragraph 7 participate in a sexual harassment training program. On a specified training day, a training session of at least 30 minutes will be conducted for the employees working on each shift (i.e., morning, afternoon, and evening).

22. The training shall be conducted in-person. Chipotle shall provide trainees with contact information for Restaurant Respectful Workplace Hotline Partners to ask any questions they have about the training or the training materials. Training content shall focus on sexual harassment accountability and power dynamics in the workplace with an emphasis on workplace culture, dignity, and respect for all employees. The training shall include, at a minimum, an overview of Title VII with special emphasis on Chipotle's EEO policies prohibiting sexual harassment and retaliation, including conduct that may be legally actionable; the consequences for employees who have engaged in such behavior; Chipotle's complaint and investigation procedures; bystander intervention techniques when employees witness discrimination, harassment, or retaliation occurring; and that retaliation against an employee or applicant who reports harassment or discrimination is prohibited.

23. Chipotle shall notify the EEOC of the completion of the annual training sessions described in Paragraphs 21-22 and shall specify the names and job titles of the individuals who participated in and completed the training. This information shall be provided as part of the annual reports Chipotle submits to the EEOC.

**D. TRAINING FOR MANAGERS**

24. Not later than ninety (90) days after entry of this Consent Decree, and annually thereafter for the length of the Consent Decree, Chipotle shall provide specialized, live, and interactive training, or interactive training through an online communication tool or platform, on an annual basis for Field Leaders, General Managers, and Apprentices who work at or supervise employees in the locations identified in Paragraph 7. Chipotle shall provide trainees with contact information for Restaurant Respectful Workplace Hotline Partners to ask any questions they have about the training or training materials. This training shall be no less than one (1) hour in length. These

annual EEO trainings shall include, at a minimum:

    a.    Respectful workplace training designed to educate employees about conduct that is unacceptable in the workplace, including behavior that may not yet rise to the level of actionable unlawful harassment but could lead to claims and/or is deemed inappropriate;

    b.    How to recognize discrimination and harassment;

    c.    How to notify the Restaurant Respectful Workplace Hotline Partners of any reports of harassment or other inappropriate conduct;

    d.    Instruction on employee's rights and responsibilities under Title VII, including Title VII's prohibition against sexual/sex-based harassment and retaliation, and Chipotle's policies and procedures for reporting and handling complaints of sexual/sex-based harassment or retaliation; and

    e.    Managers/supervisors' responsibilities under Chipotle's policies, including what conduct is inappropriate and required to be escalated under Chipotle's policy and Title VII.

25. Chipotle shall provide this training to all employees hired or promoted into the role of Field Leaders, General Manager, or Apprentice within thirty (30) days of assuming that position at the locations identified in Paragraph 7, unless they have already taken the training within the last year, in which case they will proceed with taking the training annually.

26. Chipotle shall notify the EEOC of the completion of the annual training sessions described in Paragraphs 24-25 and shall specify the names and job titles of the individuals who participated in and completed the training. This information shall be provided as part of the annual reports Chipotle submits to the EEOC.

### E. TRAINING FOR HOTLINE INVESTIGATORS

27. Within ninety (90) days from the date of entry of this Consent Decree, and annually

thereafter for the length of the Consent Decree, Chipotle shall provide specialized and interactive training for all Respectful Workplace Hotline Partners whom Chipotle has designated to be responsible for the restaurants designated in Paragraph 7. This training may be administered in multiple separate sessions totaling no less than four (4) hours annually. The training shall be interactive instruction and shall be in-person, to the extent possible. Attendees shall have the ability to ask questions and receive responses. Such training shall include: the legal framework for sex harassment and discrimination claims under Title VII; best practices for the use of various fact-finding techniques, including interviewing; how to make credibility assessments; dealing with difficult witnesses and subject matter; working with vulnerable parties and traumatic subjects; report writing and records retention.

28. Chipotle shall provide this training to all employees hired or promoted into the role of Respectful Workplace Hotline Partner with responsibility for the locations identified in Paragraph 7 within thirty (30) days of assuming that position. Respectful Workplace Hotline Partners who are not currently Respectful Workplace Hotline Partners when this Consent Decree is entered may view recordings of each of the training sessions described in Paragraph 27 above.

29. Chipotle shall notify the EEOC of the completion of the annual training sessions described in Paragraphs 27-28 and shall specify the names and job titles of the individuals who participated in and completed the training. This information shall be provided as part of the annual reports Chipotle submits to the EEOC.

30. Within sixty (60) days from the date of entry of the Decree, Chipotle shall submit to the EEOC materials to be used to provide the trainings described in Paragraphs 21-28 above. The EEOC may provide comments and requests for resubmission of materials within fifteen (15) days regarding the proposed training materials.

31. For any training session materials provided in response to Paragraph 30 that have been materially changed in any way during the pendency of the Decree, Chipotle shall provide the EEOC with copies of all such materially changed training materials no later than thirty (30) days prior to use. The EEOC will advise Chipotle of any objections or comments to proposed training materials within fifteen (15) days.

### F. SUPERVISOR ACCOUNTABILITY

32. Within ninety (90) days of the Effective Date, Chipotle shall adopt and disseminate policies to the employees working at the restaurants identified in Paragraph 7 that ensure their managers are held accountable for their compliance with EEO policies and procedures, and the achievement of a discrimination-free workplace. The policies shall provide that:

   a. Managers who violate Chipotle's anti-discrimination policies shall receive appropriate discipline up to and including termination;

   b. Managers are required to actively monitor their restaurants to ensure employees' compliance with the company's anti-discrimination policies, and to report any incidents and/or complaints of discrimination, harassment and/or retaliation which they observe, or of which they become aware; and

   c. Chipotle shall review and discuss with supervisors and managers any instances of which Chipotle is aware that an employee complaint was not forwarded to the Respectful Workplace Hotline.

### G. NON-DISCLOSURE OF INFORMATION

33. Chipotle shall ensure that no charge, allegation of discrimination or reference to this lawsuit is included in the personnel records of the Charging Party. Chipotle may retain this information, if any, in a file separate and apart from the personnel records. Chipotle shall not

disclose any information or refer to any charge of discrimination or this lawsuit in responding to requests for information about the Charging Party unless required by law or subpoena. When fielding inquiries about the Charging Party, Chipotle shall provide the dates of employment and positions held consistent with its usual practice.

**H.    REPORTING**

34.    Chipotle shall report to the EEOC once a year during the duration of this Consent Decree. The reporting period will run from the date of entry of this Consent Decree. The reports shall be in writing and submitted on an annual basis during the reporting period to: marsha.rucker@eeoc.gov. These annual reports shall contain the following information and attachments:

    a.    Certification that Chipotle has:

        i.    Continued to maintain the written policy and procedures and distributed copies of the policies as described in Paragraphs 16-20;

        ii.    Complied with the Notice Posting requirement in Paragraph 36;

        iii.    Complied with the training provisions enumerated in this Consent Decree, as provided in Paragraphs 21-31, and provided a list of all attendees, with job titles, for each training completed; and

        iv.    Complied with all other provisions of this Consent Decree.

    b.    Copies of the following documents shall be included with each annual report:

        i.    A copy of Chipotle's current EEO policy and a list of any changes, modifications, or revisions to its EEO policies and procedures, if any, which concern or affect the subjects of discrimination, harassment, or retaliation.

35.    During the pendency of this Consent Decree, Chipotle shall make a representative with

knowledge available for audits upon request by EEOC to determine compliance with this Consent Decree. EEOC shall provide notice of audit subject matter not later than fourteen (14) business days in advance. Any requested audit will be conducted at a mutually agreeable time and place.

**I.     POSTING**

36.    Chipotle shall post a Notice to All Employees within five (5) days of entry of this Consent Decree. This Notice is attached as Exhibit A to this Consent Decree. The Notice shall be conspicuously posted immediately adjacent to the "Respectful Workplace" poster at each of the restaurant locations identified in Paragraph 7.

## VI.    ENFORCEMENT

37.    If the EEOC determines that Chipotle has not complied with the terms of this Consent Decree, the EEOC shall provide written notification of the alleged breach to Chipotle. The EEOC shall not petition the Court for enforcement of this Consent Decree for at least thirty (30) days after providing written notification of the alleged breach. The EEOC and Chipotle shall utilize the 30-day period to engage in good-faith efforts to resolve the dispute, and the EEOC shall not unreasonably deny requests for extensions of the 30-day cure period.

## VII.    DURATION AND TERMINATION

38.    This Consent Decree shall be in effect for two (2) years from the date of entry of the Decree. If the EEOC petitions the Court for breach of this Consent Decree, and the Court finds Chipotle to be in violation of the material terms of the Consent Decree, the Court may extend the duration of this Consent Decree in an amount up to, but not to exceed, the length of time during which the Court finds Chipotle to have been in violation.

## VIII.    NOTIFICATION

39.    The Parties agree that when this Consent Decree requires Defendant to send documents,

reports, information, and items to the Commission or the Regional Attorney of the Birmingham District Office, the documents, reports, information, and items shall be sent to the attention of Marsha Rucker, Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205.

### IX. EEOC's REPORTING REQUIREMENTS UNDER IRC §§ 162(f) and 6050X

40.     The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

41.     The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

42.     Chipotle's EIN is 20-8913946. The EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one, to Chipotle Services, LLC, Attn: Accounting Department & Legal Department, 610 Newport Center Drive, Suite 1400, Newport Beach, CA 92660.

### X. RETENTION OF JURISDICTION

43.     The United States District Court for the Middle District of Alabama shall dismiss the case with prejudice but retain jurisdiction over this matter for the duration of this Consent Decree for enforcement purposes.

### XI. SIGNATURES

44. The Parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this ____ day of May, 2024.

BY THE COURT:

_____
United States District Judge

May 1, 2024

BY CONSENT:

**FOR PLAINTIFF**

KARLA GILBRIDE
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
General Counsel
131 M. Street NE
Washington, D.C. 20507

_____
Marsha Rucker
Regional Attorney

Date: 04/28/2028

**FOR CHIPOTLE SERVICES, LLC**

_____        Matthew D. Treco
AUTHORIZED REPRESENTATIVE              (Printed name)
FOR CHIPOTLE SERVICES, LLC